IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| PAULA NEUKAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-CV-6009-SJ-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Paula Neukam petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("the Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. An administrative law judge ("ALJ") found she had multiple severe impairments, including mood disorder, anxiety disorder, bipolar disorder, and borderline personality disorder, but retained the residual functional capacity ("RFC") to perform work as a linen room worker, laundry worker, or retail ticket stubber. The ALJ thus found her not disabled.

Because the ALJ's opinion is supported by substantial evidence on the record as a whole, the Commissioner's decision is AFFIRMED.

**Background**

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. At least three medical professionals have examined Plaintiff. R. at 16–18. Susan Shuman, Psy.D. ("Dr. Shuman"), completed a mental medical source statement

opining Plaintiff had some marked limitations. R. at 256–57.[1] Psychologist John Keough, M.A. ("Dr. Keough"), performed a consultative examination and concluded that while Plaintiff had some mental deficits, her problems were not so overwhelming as to preclude employment. R. at 249–51. State agency medical consultant J. Edd Bucklew, Ph.D. ("Dr. Bucklew"), also evaluated Plaintiff's medical conditions and found that she had, at most, only mild limitations. R. at 51–70. Plaintiff claims debilitating mental problems around this time. R. at 179–86.

Plaintiff applied for benefits in 2012, alleging a disability onset date of March 8, 2011. After the Commissioner denied her applications, Plaintiff requested an ALJ hearing. On September 13, 2013, the ALJ found that Plaintiff was not disabled. In particular, the ALJ gave minimal weight to Dr. Shuman's opinion, and instead gave great weight to the opinions of Drs. Keough and Bucklew. R. at 17–18. The ALJ also rejected Plaintiff's complaints of debilitating mental disability. R. at 18–19.

The Social Security Administration Appeals Council denied her request for review on November 18, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind

---

[1] "Moderate limitations," as used on this form, referred to "[i]mpairment levels . . . compatible with some, but not all, useful functioning." R. at 256. "Marked limitations" referred to an impairment that was "[m]ore than Moderate, but less than extreme[,] resulting in limitations that seriously interferes with the ability to function independently." R. at 256.

would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). This five-step process considers whether: (1) the claimant is employed; (2) she is severely impaired; (3) her impairment is, or is comparable to, a listed impairment; (4) she can perform past relevant work; and if not, (5) if she can perform any other kind of work. *Andrews*, 791 F.3d at 928.

Plaintiff argues that the ALJ erred by failing to properly weigh the evidence of record in formulating her RFC at Step Four. Specifically, she takes issue with how the ALJ handled two sets of evidence: opinions from medical professionals, and her subjective complaints.

### I.     The ALJ properly weighed the medical opinions.

Plaintiff first argues the ALJ erred by giving diminished weight to Dr. Shuman's medical source statement and by relying instead on the opinions of Drs. Keough and Bucklew. The ALJ must rely on the medical evidence to determine a claimant's RFC. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). "Since the ALJ must evaluate the record as a whole, the opinions of treating

3
Case 5:15-cv-06009-DGK   Document 13   Filed 10/08/15   Page 3 of 7

physicians do not automatically control." *Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014). The ALJ may discount or disregard a treating physician's opinion "where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Andrews*, 791 F.3d at 928. "[T]he ALJ must give good reasons for the weight apportioned." *Id.*

Substantial evidence on the record as a whole supports the ALJ's three reasons for rejecting Dr. Shuman's medical source statement. First, that opinion was vague, unsupported by narrative discussion, and unaccompanied by objective medical findings. *See Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014) (permitting the ALJ to discount a "cursory checklist statement [that] includes significant impairments and limitations that are absent from his treatment notes and [the] medical records"); *Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (holding that a treating physician's checklist should not have been given controlling weight because the doctor had met with the claimant only three times when she completed the form). Second, Dr. Shuman's statement contradicts other, more thoroughly supported medical assessments, including the opinions of Dr. Keough, Dr. Bucklew, and Samuel O. Fadare, Jr., M.D. R. at 268– 99; *see Andrews*, 791 F.3d at 928.

Third, Dr. Shuman rendered other reports that undermine the credibility of her medical source statement. From June through October of 2013 she reported that Plaintiff was feeling more like herself, had more energy, could think more clearly, and was being helped by medications. R. at 301–05, 313. Dr. Shuman did not indicate Plaintiff still suffered from moderate and marked limitations. *See id.* This conflicts with Dr. Shuman's May 2013 medical source statement, which concludes, for example, that Plaintiff could not complete a normal

workday without interruption from psychologically-based symptoms.  *See Bernard*, 774 F.3d at 487.

The ALJ amply explained why Drs. Keough's and Bucklew's opinions were better supported than Dr. Shuman's.  Plaintiff attacks that assessment on two bases.  First, she says that Dr. Bucklew's opinion, like Dr. Shuman's, was a checklist form and thus undeserving of consideration.  This is false.  Dr. Bucklew did not use a checklist form; rather, he spent several paragraphs reciting his findings and explaining his opinions.  As such, it is far more comprehensive than Dr. Shuman's.

Second, Plaintiff emphasizes that Drs. Keough and Bucklew each wrote their opinions in June 2012—eleven months before Dr. Shuman issued hers—so the ALJ should have given them less weight.  *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).  While this *could* be grounds for the ALJ to give their opinions less weight, the opinions are nonetheless consistent with medical evidence postdating Dr. Shuman's medical source statement: Dr. Shuman's treatment notes from June through October of 2013.  Thus, the age of Drs. Keough's and Bucklew's opinion does not render them legally flawed.

The Court emphasizes that the ALJ did *not* conclude that Plaintiff was free from mental limitations; the ALJ found Plaintiff had substantial limitations, just not to the full extent alleged.  Because the ALJ supported this narrow conclusion with substantial evidence drawn from the record as a whole, the Court defers to his weighing of the medical opinions.  *See Andrews*, 791 F.3d at 928.

## II. Plaintiff fails to impeach the ALJ's credibility analysis.

Plaintiff next claims the ALJ erred in partially rejecting her testimony.  The ALJ must examine the claimant's credibility to properly assess her RFC.  20 C.F.R. §§ 404.1529(c)(3),

416.929(c)(3). In making this determination, the ALJ must take into account all record evidence, including the medical evidence and the claimant's prior work record. *Wright*, 789 F.3d at 852. Because "[t]he ALJ is in a better position to evaluate credibility," the district court must defer to his credibility findings if "they are supported by sufficient reasons and substantial evidence on the record as a whole." *Andrews*, 791 F.3d at 929.

Here, the ALJ articulated several well-supported reasons for discounting Plaintiff's credibility. Chiefly, as explained above, objective medical evidence strongly contradicts Plaintiff's allegations regarding the extent of her mental limitations. *See Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008) (permitting the ALJ to discount subjective complaints that are inconsistent with the record). Second, Plaintiff and her ex-husband indicated she engaged in several daily activities that are inconsistent with allegations of total disability, such as cooking basic meals, performing basic household chores, and taking care of two children and two dogs. R. at 179–85, 193–200. The ALJ did not err in finding these activities contradicted Plaintiff's claims that her mental impairments were disabling. *See Toland v. Colvin*, 761 F.3d 931 (8th Cir. 2014) (finding certain acts inconsistent with subjective allegations of disability, including living independently, caring for self and a dog, light gardening, attending yard sales, and performing household chores).

Third, Plaintiff experienced substance abuse problems, which exacerbated her mental condition at times. She told Dr. Keough and Dr. Nabil El-Halawany that she had been charged with possession of drugs and drug paraphernalia and had just finished a probationary sentence. R. at 221, 250. Hospital records indicate that Plaintiff had reverted to substance abuse after a previous hospitalization. R. at 282. Dr. Bucklew specifically found that she could work in a low-demand environment if she stopped using street drugs. R. at 55, 65, 251. Some other

evidence indicates that Plaintiff may not have been abusing drugs, such as two negative drug screen results. R. at 274, 287–88. However, Plaintiff does not indicate how long those results demonstrate she was clean for; for example, whether they establish she was clean for twelve months or twelve hours. Because the record as a whole fairly suggests that Plaintiff experienced substance abuse problems, the ALJ could discount Plaintiff's subjective complaints. *See Bernard*, 774 F.3d at 489 (holding a failure to maintain sobriety could cut against a claimant's credibility).

Plaintiff fails to establish that the ALJ's credibility findings were procedurally improper or unsupported by substantial evidence on the record as a whole, so the Court rejects this argument. *See Andrews*, 791 F.3d at 929.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying Title II and XVI benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  October 8, 2015   /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT